{¶ 30} I respectfully dissent from the majority finding that Yomtovian is precluded from advancing her one assigned error because she was not convicted or sentenced on the BAC charge. I would remand the case to the trial court for clarification regarding the conflicting language in the plea form.
 {¶ 31} The majority bases its holding on the standardized plea form that was used by the visiting judge in the Lyndhurst Municipal Court. As the majority notes, this form contains the conflicting language "nolled and merged" regarding the BAC charge and the companion impairment offense. The majority finds this conflicting language to be harmless because the recorded conviction addresses only the charges raised under GMO.334.01(A)(1)(A), which is the impairment offense. I respectfully disagree.
 {¶ 32} This case highlights the potential problem that occurs when a trial court requires a defendant to plea no contest to both the physical impairment OVI charge as well as the chemical test result charge when the defendant intends to appeal an adverse ruling on a motion to suppress. Since the law dictates that an offender can be charged, tried and found guilty of multiple counts involving allied offenses of similar import, but can only be sentenced or convicted of one, the method of merger becomes critical. See R.C. 4511.19(C); City of North Olmsted v.Benning, Cuyahoga App. Nos. 79548, 79561, 2002-Ohio-1553.
 {¶ 33} The majority opinion finds that because the BAC offense was essentially nolled, appellant's ability to appeal the trial court's ruling on the motion to suppress is lost. The nolle of the BAC charge effectively ends any claimed error on that charge. *Page 10 
Without a transcript or an agreed statement of facts, it is impossible to know if the parties even considered the impact that the "nolled and merged" language of the plea form would have on the appeal. While counsel claimed at oral argument there was an "understanding" that the appeal right would be preserved, we have nothing in the record at this point to address that issue.
 {¶ 34} If a trial court requires the defendant to plead no contest to both offenses in order to perfect an appeal, the transcript becomes the critical piece of evidence outlining the intent of the parties over how the case is merged. While attorneys may not be able to control the requirement that a plea to both charges be entered, they would be wise to avoid the scenario where the appeal is rendered moot before it is even filed by an arbitrary decision of the trial court. Because the plea form in this case is at best ambiguous, I would send the case back to the trial court for clarification. *Page 1